**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20200
Summary Calendar

BILLY RAY JOHNSON,

Plaintiff-Appellant,

versus

K. HELMBOLD,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-95-0124)
( July 31, 1995 )

Before POLITZ, Chief Judge, KING and STEWART, Circuit Judges.

PER CURIAM:[*]

Billy Ray Johnson appeals the dismissal under 28 U.S.C. § 1915(d) of his action alleging that a mailroom supervisor at the Huntsville Unit of the Texas Department of Criminal Justice violated his constitutional rights by opening a piece of his legal mail. Johnson also appeals the imposition of a sanction of $20 for

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

bringing the suit.  We affirm.

In December of 1994 Johnson, a Texas prisoner, received notice that he had two pieces of legal mail in the Huntsville Unit mailroom.  Upon retrieving the letters from K. Helmbold, the mailroom supervisor, Johnson found that a letter from the Texas Attorney General's office had been opened.  Johnson sued, alleging that Helmbold opened his private legal mail outside of his presence thereby violating his rights under the first, fourth, and fourteenth amendments.  The district court dismissed Johnson's claims as frivolous under section 1915(d) and imposed a $20 sanction because of Johnson's history of filing frivolous complaints.  Johnson timely appealed.

Johnson first contends that the district court erred in finding his allegations frivolous as a matter of law.  Assuming, *arguendo*, that Helmbold violated Texas Department of Criminal Justice rules governing inmate correspondence when she opened Johnson's incoming legal mail, we have held that such an action does not violate a prisoner's constitutional rights.[1]  Accordingly, the district court did not err in finding that Johnson's allegations lacked an arguable basis in law and fact.[2]

Johnson next contends that the district court violated his due

---

[1]**Brewer v. Wilkinson**, 3 F.3d 816, 825 (5th Cir. 1993) ("[T]he violation of the prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights."), cert. denied, 114 S.Ct. 1081 (1994).

[2]**Booker v. Koonce**, 2 F.3d 114 (5th Cir. 1993) (setting forth the legal standard for dismissal under section 1915(d)).

2

process rights when it dismissed his claim after Johnson had consented to proceed before a magistrate judge under 28 U.S.C. § 636(c). Although Johnson consented to proceed before a magistrate judge, the record reflects that Helmbold did not consent and the action was never referred under section 636(c).[3] The suit was properly before the district court and its ruling did not violate Johnson's rights.

Finally, Johnson complains that in imposing the monetary sanction the district court attributed seven prior actions to Johnson that he did not file, and impermissibly relied upon those actions in assessing the need for sanctions.[4] Excluding from consideration those seven actions, all of which were filed prior to 1981, the record reflects that Johnson has filed at least ten *pro se, in forma pauperis* actions since January of 1994. Four have been dismissed under section 1915(d) as frivolous; the rest still pend. Albeit reluctant to impose sanctions without an express prior warning that such sanctions are forthcoming, we have permitted the imposition of sanctions without warning when the complaint before the court was "the latest in a string of § 1983 filings, nearly all of which were dismissed as frivolous."[5] The

---

[3]28 U.S.C. § 636(c)(1)(1988) (allowing reference of all proceedings to a magistrate judge only upon the consent of all parties).

[4]Johnson does not challenge the procedure by which the sanctions were imposed and we therefore pretermit discussion of the December 1, 1993 amendment to Fed.R.Civ.P. 11(c)(1)(B).

[5]**Moody v. Baker**, 857 F.2d 256, 257 (5th Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 985 (1988).

3

instant appeal involves Johnson's fifth consecutive section 1915(d) dismissal with no countervailing successes. Under these circumstances, we conclude that the district court's imposition of sanctions was not an abuse of its discretion.[6]

AFFIRMED.

---

[6]**Childs v. State Farm Mut. Auto. Ins. Co.**, 29 F.3d 1018 (5th Cir. 1994) (noting that standard of review for the imposition of sanctions is abuse of discretion).